UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEWIS,

       Petitioner,                          Civil Case No. 4:14-cv-13109
                                                   Honorable Linda V. Parker

v.

STEVEN RIVARD,

       Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS, HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, AND ADMINISTRATIVELY CLOSING THE CASE.**

On August 12, 2014, Petitioner Jerry Lewis ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his state court convictions for armed robbery, car-jacking, unlawfully driving away an automobile, carrying a concealed weapon, carrying a firearm during the commission of a felony, and felon in possession of a firearm. On the same date that he filed his petition, Petitioner also filed a motion to hold this action in abeyance to permit him to complete post-conviction proceedings in the state courts. Apparently Petitioner is attempting to exhaust the claims that he asserts in his habeas application:

> I. The district court and the circuit court were without jurisdiction to hear and determine this case where the complaint failed to establish and give notice that there was reason to believe that Defendant Lewis committed the crimes charged.
>
> II. Defendant was denied his constitutional right to the effective assistance of appellant (sic) counsel where she failed to raise (A) trial counsel's ineffectiveness where he (i) failed to quash the constitutionally defective complaint upon which jurisdiction was predicated and (ii) failed to investigate the case determinative defense of "Claim of Right."

For the reasons stated below, the Court grants Petitioner's motion to stay on the conditions outlined herein. The Court also will administratively close the case.

## I. Background

On November 28, 2011, Petitioner pleaded guilty to the above offenses in the Circuit Court for Wayne County, Michigan. The state court sentenced Petitioner on December 14, 2011. The Michigan Court of Appeals affirmed Petitioner's conviction on September 26, 2012. *People v. Lewis,* No. 311983 (Mich. Ct. App.). The Michigan Supreme Court denied Petitioner leave to appeal on April 29, 2013, because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Lewis*, 493 Mich. 968 (Mich. 2013).

On April 14, 2014, Petitioner filed a post-conviction motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500, in which

he raised the claims that are contained in his current petition. The trial court denied the motion on July 3, 2014. *People v. Lewis,* No. 11-007865-01 (Wayne Cnty. Cir. Ct., July 3, 2014). When he filed his present habeas corpus petition, Petitioner had not yet filed an appeal of the trial court's decision with the Michigan Court of Appeals; however, he indicates that he is in the process of doing so. (*See* Pet. at 12.)

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to

both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

By his own admission, Petitioner has failed to exhaust the claims he asserts in his pending application for habeas relief. Generally, the district court is required to dismiss habeas petitions containing claims that have not been exhausted. *See* 28 U.S.C. § 2254(b)(1)(A). A federal district court, however, has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). "Stay and abeyance" is available in only "limited circumstances," such as where the one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

The Court finds it appropriate to grant Petitioner's request to hold his petition in abeyance while he exhausts the claims raised in his post-conviction motion in the state courts. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1).  Assuming that Petitioner did not seek a petition for writ of certiorari with the United States Supreme Court, all but sixteen days of the one-year limitations period had run when Petitioner filed his post-conviction motion in state court.[1]  Further, the Court cannot conclude that Petitioner's unexhausted claims are plainly meritless or that he has engaged in "intentionally dilatory tactics."

The Supreme Court advised in *Rhines* that when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits set forth below within which Petitioner must proceed.

For the reasons stated, Petitioner's motion to stay is **GRANTED**.  The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies provided that Petitioner (a) returns to this Court within sixty (60) days of exhausting his state court remedies and (b) files **IN THIS CASE** (i.e., with

---

[1]Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

5

the above case caption and case number) a motion to lift the stay.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

                                        S/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: September 9, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 9, 2014, by electronic and/or U.S. First Class mail.

                                        S/ Richard Loury
                                        Case Manager